FREELAND J. GERRY et al.

*vs.*

THE AMERICAN EXPRESS COMPANY.

Penobscot.    Opinion December 1, 1905.

*Common Carriers.    Contract.    Limited Liability Thereunder.*
*Failure to Read Terms of Contract no Answer.*

A common carrier may limit his responsibility for property entrusted to him by a notice containing reasonable and suitable restrictions, if brought home to the owner of the goods delivered for transportation, and assented to clearly and unequivocally by him, if it also appears that the terms on which the carrier proposed to carry the goods were adopted as the contract between the parties, according to which the service of the carrier was to be rendered.

In the case at bar, the defendant furnished the plaintiffs a book of blank receipts in which the plaintiffs entered their shipments. At the top of each sheet of these receipts there was printed the following: "The property hereinafter described to be forwarded subject to the terms and conditions of the company's regular form of receipt printed on the inside cover of this book." Below this were entered the date, amount and destination of each shipment, and receipted by the defendant's agent when the goods were taken by him.

On the inside cover was a notice to shippers, not involved in this case, and· at the bottom in larger type the following: "The liability of this company is limited to $50.00, at which sum the property is hereby valued, unless the just and true value is stated in this receipt." In the receipt for the shipment of the goods by the plaintiffs in this suit, no value of the goods was stated. The goods injured, however, were of a much greater value than fifty dollars, and the loss by reason of the injury was more than fifty dollars. The plaintiffs claimed that they did not read the terms and conditions in the shipping book given them by the defendant.

*Held:* That the receipt in this case incorporated into it the limitation of liability contained in the conditions printed in the books of receipts used by the plaintiffs. Upon that receipt and under its conditions the defend-. ant received the goods, and upon it the plaintiffs delivered the goods. This constituted the contract between the parties, and, in the absence of fraud or misrepresentation, the plaintiffs are bound by its expressed terms. They cannot be permitted to say that, by their own inattention, they did not read the terms and conditions, and thereby impose upon the defendant a greater value than that expressed in the contract.

Further *held:* That the ruling of the presiding Justice in directing a verdict for the plaintiffs based upon the limited liability of the defendant, was correct.

On motion and exceptions by plaintiffs.    Overruled.

Action on the case to recover compensation for damage to sixty-one cans of cream alleged to have been frozen by reason of the negligence of the defendant while the defendant was transporting same from Belfast, Maine, to Boston.

The case is sufficiently stated in the opinion.

*Calvin W. Brown,* for plaintiffs.

*C. F. Woodard,* for defendant.

Sitting:  Wiswell, C. J., Emery, Strout, Savage, Peabody, JJ.

Strout, J.    Plaintiffs shipped by defendant company 61 cans of cream from Belfast to Boston.    Before delivery it became frozen and was injured, and plaintiffs claim damages therefor.    Defendant admits a limited liability only, and on the eighteenth day of October, 1904, tendered plaintiffs fifty-five dollars in full for its liability, and brought the amount into court.    Plaintiffs refused to accept it, and claim to recover the value of the cream, stated to be four hundred and fifty-seven dollars and fifty cents, less amount realized from the butter made therefrom, which left a net loss of one hundred and fourteen dollars and eighteen cents, which plaintiffs seek to recover in this action.

Plaintiffs were presented by defendant with a book of blank receipts in which plaintiffs entered their shipments.    At the top of each sheet of these receipts there was printed "the property hereinafter described to be forwarded subject to the terms and conditions of the company's regular form of receipt printed on inside cover of this book."    Below this were entered the date, amount and destination of each shipment, and receipted by defendant's agent when the goods were taken by him.    Pasted on the inside cover of the book was a notice to shippers not involved here, and at the bottom in larger type the following,— "The liability of this company is limited to $50. at which sum the property is hereby valued, unless the just and true value is stated

in this receipt." In the receipt for the shipment of this cream no value was stated. Defense claims that plaintiffs are bound by this limitation. The presiding Justice ordered a verdict for plaintiff for fifty-two dollars and twenty-five cents, that being for fifty dollars and interest thereon from the date of shipment to the date of the tender. To this ruling exception was taken. There is also the general motion for a new trial.

It is well settled that a common carrier may "limit his responsibility for property entrusted to him by a notice containing reasonable and suitable restrictions, if brought home to the owner of goods delivered for transportation, and assented to clearly and unequivocally by him," and if it appears "that the terms on which the carrier proposed to carry the goods were adopted as the contract between the parties, according to which the service of the carrier was to be rendered." *Fillebrown* v. *Grand Trunk Railway*, 55 Maine, 468. The limitation in defendant's receipts in this case cannot be considered unreasonable. The rate for transportation and the care to be bestowed upon them depends very largely upon their value,—and the carrier may well require the value to be stated, if he is to be held responsible to the extent of the common law liability of common carriers. Plaintiffs had been shipping cream by the defendant and having their receipts in the same book of receipts almost daily from January 24, 1902, and in all or nearly all the shipments the receipts were filled out by the plaintiffs or their agent, and signed by defendant's receiving agent. In no case did they give the value of the shipment to defendant. They say they did not read the terms and conditions in the shipping book, but it seems incredible that using that book almost daily for nearly two years, and filling in the blanks at every shipment, the eye could have failed to catch the distinct notice of limitation of liability. Lapse of memory is much more probable.

The receipt in this case in express terms incorporated into it the limitation of liability contained in the conditions printed in the book of receipts used by plaintiffs. Upon that receipt and under its conditions defendant received the goods, and upon it plaintiffs delivered them. That constituted the contract between the parties, and, in the absence of fraud or misrepresentation, which are not claimed, the

plaintiffs are bound by its expressed terms. They cannot be permitted to say that, by their own inattention, they did not read the terms and conditions, and thereby impose upon defendant a greater liability than that expressed in the contract. *Squire* v. *New York Central Railroad,* 98 Mass. 239.

The receipt did not state the rate for transportation. Consequently the rate would be that agreed upon, if any, otherwise a reasonable rate.

But it is strongly urged that the rate per can for transportation had been specially agreed upon by the parties, and therefore there was no occasion for giving the value. One of the plaintiffs rather vaguely says it was agreed, and the other plaintiff says the rate was asked for and given, and that was all. But this argument overlooks the consideration that upon the value of the goods largely depends the degree of care defendant would exercise to protect the property. If the value was large, and liability for loss great, defendant would naturally use much greater care to protect from loss than if the value was trifling.

It is the opinion of the court that the ruling was right, and the entry must be,

*Motion and exceptions overruled.*